[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 01-14516

_____

D.C. Docket No. 00-00048-CR-LAC-3-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM HARRY WEST, et al.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 23, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before ANDERSON, BARKETT and RONEY, Circuit Judges.

PER CURIAM:

On January 24, 2005, the Supreme Court granted William Harry West's

petition for writ of certiorari and vacated our decision affirming his jury

conviction and 136-month sentence for conspiracy to commit wire fraud and securities fraud, 18 U.S.C. § 371, conspiring to commit money laundering offenses, 18 U.S.C. § 1956(h), and money laundering, 18 U.S.C. § 1957. The Court remanded the case to us for further consideration in light of *Booker v. United States*, 543 U.S. ___, 125 S. Ct. 738 (2005). Both parties have filed supplemental letter briefs addressing the implications of *Booker* to the facts and circumstances of this case. We reinstate our previous opinion, and affirm West's convictions and sentences.

The government argues that West has abandoned any *Booker* claim by failing to raise it in his initial brief. West's court-appointed appellate counsel on this remand has correctly noted that West's initial brief adopted the briefs of his five co-defendants pursuant to 11th Cir. R. 28-1(f). Co-defendant Jeffrey A. Matz's initial brief raised an *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000)*,* argument relating to Matz's denial of his Sixth Amendment right to a jury trial in his criminal contempt proceeding. This Court has "liberally construed what it means to raise a *Blakely*-type or *Booker*-type issue" on appeal. *United States v. Levy*, 416 F.3d 1273, 1279 (11th Cir. 2005); *cf. United States v. Dowling*, 403 F.3d 1242, 1246 (11th Cir. 2005) (listing factors to evaluate whether "*Booker*-type" issue was raised in initial brief). By West adopting Matz's initial brief and applying our liberal rules of raising a *Booker* objection in an opening brief, West

2

has timely raised a "*Booker*-type issue" in his opening brief. *Levy*, 416 F.3d at 1279; *Dowling*, 403 F.3d at 1246.

"The first question that an appellate court reviewing a *Booker* claim must ask is: did the defendant make a constitutional objection?" *Dowling*, 403 F.3d at 1245. West has failed to identify, nor have we found, any *Booker*-type constitutional objection to sentencing that was made in the district court. This results in a plain error review, requiring reversal only if there is (1) error, that is (2) plain, and (3) affects West's substantial rights. *Dowling*, 403 F.3d at 1246-47. "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." 403 F.3d at 1247 (quotation omitted).

Although West meets the first two prongs of the plain error analysis because the district court sentenced him under the then mandatory sentencing guideline scheme to 136 months imprisonment, which was the middle of the guideline range, West has failed to demonstrate, however, that

> there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case because nothing in the record indicates that the judge might have imposed a different sentencing scheme.

403 F.3d at 1247 (quotation omitted).

3

A review of West's sentencing transcripts negates any reasonable probability that the district court would have sentenced West differently under an advisory scheme. At sentencing, the district court *refused to exercise its discretion* under the then mandatory guidelines by denying West's request to be sentenced below the guidelines. The district court ruled as follows:

> THE COURT: Excuse me, before we go, I do want to give you the Court's decision with regard to the money laundering and your motion to go below the guidelines. The motion will be denied. I do find that money laundering was an appropriate guideline. *Not that I necessarily always approve of the guidelines, what those commissioners do*, but I think in their decision that it is appropriate, that this is not out of the heartland of the money laundering cases*, because the money specifically was laundered to further the criminal activity that was involved and is the type of conduct that Congress intended to prescribe.

Accordingly, West has not shown that the mandatory application of the guidelines affected his substantial rights. *See Dowling*, 403 F.3d at 1247. We therefore reinstate our previous opinion in this case and affirm West's convictions and sentences.

**OPINION REINSTATED; SENTENCE AFFIRMED.**